UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFERY JEROME FLAMER,** : | |
| Plaintiff, : | |
| : | |
| v. : | No. 24-cv-6666 |
| : | |
| **G. BRADLEY,** *et al.*, : | |
| Defendants. : | |

**MEMORANDUM**

Joseph F. Leeson, Jr.                                                                 December 23, 2024
**United States District Judge**

Jeffery Jerome Flamer filed this civil rights action on December 16, 2024 asserting claims against three Correctional Officers employed at the Philadelphia Detention Center.[1] Each are named in their individual and official capacities. Flamer also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Flamer leave to proceed *in forma pauperis* and dismiss the Complaint with prejudice.

**I.  FACTUAL ALLEGATIONS**[2]

Flamer's allegations are straight forward. He asserts that on May 22, 2021 while housed at the Detention Center he got into a verbal altercation and was assaulted by Defendant

---

[1] Flamer does not appear to be currently incarcerated since he lists a street address on his Complaint.

[2] Flamer used the form complaint available to unrepresented litigants to file his claims and included additional handwritten pages. (ECF No. 2.) The Court considers the entire submission to constitute the Complaint, to which the Court adopts the sequential pagination assigned by the CM/ECF docketing system. The factual allegations set forth in this Memorandum are taken from Complaint. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up.

Correctional Officer Lewis. (Compl. at 4, 12.) Flamer was in a wheelchair and housed in a cell in the prison infirmary. (*Id*. at 12.) He apparently banged on the door of his cell to ask to come out, and Lewis told him "stop acting like a dickhead before I f*** you up." (*Id*.) When Flamer dared him to "put your f***ing hands on me," Lewis slapped him without warning three or more times. (*Id*.) After the initial slaps, Defendant Correctional Officer G. Bradley came out of the control booth to stop the assault. (*Id*.) A few minutes later, Flamer went to the control booth window, attempted to rise from his wheelchair and fainted. (*Id*. at 13.) He laid there for half an hour before a nurse arrived. (*Id*.) At this point, he and Lewis got into another verbal altercation and Lewis allegedly assaulted him with three closed-fist punches. (*Id*.) Correctional Officers G. Bradly, S. Gorge, an unidentified Correctional Officer, and the nurse all witnessed the event.[3] (*Id*.) Flamer seeks money damages. (*Id*. at 5.)

## II.   STANDARD OF REVIEW

The Court grants Flamer leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court

---

[3] Although Flamer adds that the nurse did not come to his cell to examine his injuries (Compl. at 14), since he does not name the nurse as a Defendant, the Court does not understand him to be asserting a separate claim based on a failure to examine him.

will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Flamer is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Flamer asserts constitutional claims. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995). "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the limitations period applicable to Flamer's § 1983 claim is two years.

A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Montanez v. Sec'y Pennsylvania Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

Flamer asserts that the assaults giving rise to his claims occurred on May 22, 2021. (Compl. at 4, 5, 12.) To be timely, a § 1983 claim based on the assaults had to be filed within two years of that date, namely May 22, 2023. However, Flamer did not file his Complaint until December 16, 2024. Thus, the claims are untimely on their face. *See, e.g.*, *Hickox v. Cty. of Blair*, 591 F. App'x 107, 110 (3d Cir. 2014) (*per curiam*) ("Hickox's cause of action accrued on November 13, 2010, the date on which he alleges he was injured by the defendants' actions."); *Brown v. Buck*, 614 F. App'x 590, 592 (3d Cir. 2015) (*per curiam*) ("Brown alleged that the officers used excessive force against him when they shot him on March 22, 2011, and his claim accrued then."). Further, it is apparent from public records, that Flamer previously filed an essentially identical case in this Court in 2021, which was dismissed without prejudice for lack of prosecution by the Honorable Timothy J. Savage. *See Flamer v. Bradley*, No. 21-4326 (E.D. Pa.) (ECF Nos. 2 & 48). Flamer's failure to prosecute his claims in a timely manner in his prior action does not permit him to reassert his claims after the statute of limitations has expired. Further, it is apparent that there is no basis for tolling here. Accordingly, the Court will dismiss this case with prejudice and will not give leave to amend because amendment would be futile.

4

An appropriate dismissal order will be entered separately.  *See* Fed. R. Civ. P. 58(a).

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**